UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HOUSTON HORN, a minor child by his
natural guardian Charles Horn, CHARLES
HORN,

                Plaintiffs,

-vs-                                          Case No. 5:05-cv-118-Oc-10GRJ

FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES, ED DEAN, MARION
COUNTY SHERIFF'S OFFICE,

                Defendants.
_____

## O R D E R

This is an action by Charles Horn, *pro se*,[1] on behalf of himself and his minor child, Houston Horn, (the Plaintiffs) pursuant to 42 U.S.C. § 1983 against the Florida Department of Children and Families Services, the Marion County Sheriff's Office, and Ed Dean in his individual capacity and official capacity as Sheriff of Marion County. The Plaintiffs allege that their rights under the Fourth, Fifth, and Fourteenth Amendments were violated when the Defendants conspired to have Mr. Horn arrested and his son taken into the protective custody of the Department of Children and Families.[2] Before the Court for consideration

---

[1] The Defendants represent that Mr. Horn is an attorney licensed to practice law in Florida.

[2] The Court notes that Mr. Horn has filed three other § 1983 suits in this Division and in the Tampa Division against these Defendants and others. These cases appear to be predicated on similar allegations that state or local governmental actors used fraudulently produced documents or affidavits to take custody of his son, Houston. See Horn v. Tunnell, et al., 8:05-cv-890-RAL-MSS (original complaint dismissed as a shotgun pleading, amended complaint recently filed); Horn v. Monroe Regional Health Sys, Inc., et al., 5:02-cv-268-WTH (case closed after Plaintiff failed to file amended complaint, complaint was dismissed for failure to state a claim); Horn v. Fla. Dep't
(continued...)

are Sheriff Dean's motion to dismiss (Doc. 5) and the Department's motion to dismiss (Doc. 7). The Plaintiffs have only responded to Sheriff Dean's motion (Doc. 6). Upon due consideration and for the reasons that follow, the motions are due to be granted. The Plaintiffs will have twenty (20) days within which to file an amended complaint, if any.

## Background and Facts

The following facts are alleged in the Plaintiffs' complaint (Doc. 1) and are taken as true for the purposes of the motions to dismiss. The Plaintiffs allege that on February 28, 2001, the Defendants conspired with Illinois police to arrest Mr. Horn and seize his minor child, Houston Horn, and bring him into the custody of the Department. According to the complaint, Mr. Horn was arrested based on perjured affidavits fashioned at the direction of the Defendants. The complaint also alleges that two sheriff's deputies acting as "liaison officers" with Children and Families were not properly trained, supervised, or disciplined by Sheriff Dean, resulting in their production of the falsified affidavits.

According to the complaint, Mr. Horn was brought to Florida where "spurious criminal charges" were pursued against him for three years until dismissed by the State Attorney. Meanwhile, Houston Horn remained in the "illegal" custody of the Department of Children and Families. At an unspecified time, Houston Horn somehow suffered a skull fracture due to the Department's negligence and failed to receive timely medical treatment, resulting in neurological damage. The complaint alleges that these actions were taken "with actual malice toward the Plaintiffs and with willful and wanton indifference to and deliberate

---

[2](...continued)
of Children & Families, et al., 5:01-cv-116-WTH (dismissed for lack of prosecution).

disregard for the constitutional rights of the Plaintiffs."  The complaint is framed in two counts, both predicated on 42 U.S.C. § 1983: count one - violation of Houston Horn's Fourth and Fourteenth Amendment rights; and count two - violation of Charles Horn's Fourth, Fifth, and Fourteenth Amendment rights.

## Discussion

### A. Section 1983 Claims Against the Department of Children and Families

In its motion to dismiss, the Department of Children and Families argues that the § 1983 claims against it should be dismissed because, as an arm of the State of Florida, it is immune from suit. The Court agrees.  In general, the Eleventh Amendment to the United States Constitution bars suits by citizens against a state for money damages.  That is so unless the state has waived its immunity or Congress has abrogated it.  It is well settled that Florida has not waived its immunity from suit in federal court for § 1983 claims, and that § 1983 is not an abrogation of sovereign immunity by Congress.[3] Accordingly, because the Department of Children and Families is an agency of the State of Florida, *see* Fla. Stat. § 20.19, the Plaintiffs' claims against it are barred.

### B. Section 1983 Claims Against the Marion County Sheriff's Office

The Defendants argue that the Marion County Sheriff's Office should be dismissed as a defendant because it is not a legally recognized entity. The Defendants are correct, the Sheriff's Office is not a proper defendant to this action.[4] Accordingly, the claims against the Marion County Sheriff's Office are due to be dismissed.

---

[3] Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986).

[4] Pierre v. Schlemmer, 932 F. Supp. 278, 280 (M.D. Fla. 1996) (holding that Florida police departments are not proper defendants in § 1983 claims).

### *C. Section 1983 Individual Capacity Claims Against Sheriff Dean*

The complaint alleges that Sheriff Dean failed to properly train, supervise, or discipline his deputies and that his failure to do so resulted in a system of discipline and training "so derelict and cursory as to be ineffective" and tolerant of "the creation of doctored affidavits to assist others in the prosecution of dependency cases." The complaint further alleges that Sheriff Dean, at the urging of the Department of Children and Families, decided to "secure the seizure of the plaintiff's by fashioning perjured affidavits to effectuate [Mr. Horn's] arrest."[5] It appears the Plaintiffs seek to hold Sheriff Dean individually liable for his actions as supervisor of his deputies.

The Eleventh Circuit has explained the requirements for imposing supervisory liability as follows:

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "'custom or policy . . . result[s] in deliberate indifference to constitutional rights'" or when facts support "'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" "The standard by which a supervisor

---

[5] Doc. 1 at ¶ 22.

4

>is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."[6]

The complaint contains no allegations that Sheriff Dean personally participated in the alleged unconstitutional conduct. The Plaintiffs have not alleged a history of widespread use of perjured affidavits by Marion sheriff's deputies, nor have they alleged, beyond mere conclusory allegations, that Sheriff Dean implemented a custom or policy resulting in deliberate indifference to constitutional rights. With respect to the final basis articulated by the Circuit for imposing supervisory liability, *i.e.*, a showing that the supervisor directed his subordinates to act unlawfully or knew that his subordinates would act unlawfully and failed to stop them, the complaint contains only conclusory allegations and unsupported speculation. There are no factual allegations supporting a reasonable inference that Sheriff Dean played any role in falsifying affidavits to secure Mr. Horn's arrest or to take his son into the custody of the Department of Children and Families.[7] Indeed, the Plaintiffs have made no particular allegations relating to Sheriff Dean except to say that he placed two deputies "under the aegis of the Department of Children and Families." Accordingly, the Plaintiffs have failed to state a claim against Sheriff Dean in his individual capacity.[8]

### D. Section 1983 Official Capacity Claims Against Sheriff Dean

---

[6] Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted).

[7] "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal [for failure to state a claim]." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

[8] Any attempted conspiracy claim under § 1983 is also due to be dismissed. Vague and conclusory allegations suggesting a conspiracy under § 1983 are insufficient to withstand a motion to dismiss. Fullman v. Graddick, 739 F.2d 553, 556-67 (11th Cir. 1984); GRJ Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1370 (11th Cir. 1998) (holding that a plaintiff claiming conspiracy must make "particularized allegations that a conspiracy existed.").

The Eleventh Circuit has determined that in the § 1983 context, Florida sheriffs are county officials.[9] Accordingly, the suit against Sheriff Dean in his official capacity as sheriff of Marion County is treated as a suit against Marion County itself.[10]  It is well settled that a county cannot be held liable under § 1983 on a theory of respondeat superior for the unconstitutional acts of its employees.[11]  Instead, a county may be held liable only when the execution of its "policy or custom" causes a constitutional violation.[12] In "limited circumstances" a county's failure to train its police officers may form the basis of § 1983 liability where that failure to train was the "moving force" behind the constitutional wrong.[13] However, "[o]nly where a [county's] failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a [county] "policy or custom" that is actionable under § 1983."[14] "Deliberate indifference" is "a stringent standard of fault, requiring proof that a [county] actor disregarded a known or obvious consequence of his action."[15] Thus, the Plaintiffs must establish that a municipal decision-maker (Sheriff Dean) must have known of the

---

[9] Hufford v. Rodgers, 912 F.2d 1338, 1241-42 (11th Cir. 1990).

[10] Pompey v. Broward County, 95 F.3d 1543, 1545 n.2 (11th Cir. 1996) (treating official-capacity claims against county officials as claims against the county).

[11] Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978).

[12] Id. at 691; City of Canton v. Harris, 489 U.S. 378, 385 (1989).

[13] City of Canton, 489 U.S. at 387.

[14] Id. at 388.

[15] Bd. of County Comm'n v. Brown, 520 U.S. 397, 410 (1997).

need to train his subordinates in a particular area and that he made a conscious or deliberate choice not to take action, despite the plainly obvious consequences of inaction.[16]

In the usual case, a plaintiff must present evidence of a pattern of injuries, or history of widespread similar abuse sufficient to put the county decision-maker on notice of the need to adequately train and supervise his subordinates.[17] In the context of this case, the Plaintiffs must allege that there was a pattern or history of widespread use by sheriff's deputies of perjured affidavits sufficient to put Sheriff Dean on notice of the need for adequate training and supervision of his deputies in that regard so that his conscious or deliberate choice not to take action amounts to deliberate indifference to the constitutional rights of the Plaintiffs. The Plaintiffs have not done so here. At most, the Plaintiffs have alleged one incident of using a false affidavit to secure an arrest and only conclusory allegations that there is a County custom or policy behind the constitutional violation. Accordingly, the Plaintiffs have failed to state a claim against Marion County, and the § 1983 claims against Sheriff Dean in his official capacity are due to be dismissed with leave to amend.

## Conclusion

Upon due consideration and for the forgoing reasons, it is ordered that: the Defendants' motions to dismiss (Docs. 5 & 7) are GRANTED, and the Plaintiffs' complaint is dismissed with leave to amend. The Plaintiffs shall have twenty (20) days from the date of this order in which to file their amended complaint.

---

[16] Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

[17] Id. at 1351; Church v. City of Huntsville, 30 F.3d 1332, 1345 (11th Cir. 1994).

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 5th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy